UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUNIOR QUESADA LOPEZ,

      Petitioner,

v.                          Case No. 2:26-cv-910-JES-DNF

U.S. IMMIGRATION AND
CUSTOMS ENFORCMENT, et al.,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Yunior Quesada Lopez's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 4). For the below reasons, the Court grants the petition to the extent set forth in this Order.

## I.    Background

Quesada Lopez is a native of Cuba who entered the United States on August 11, 2019. (Doc. 4-1 at 4). An immigration judge ordered him removed in absentia on September 22, 2021. (Doc. 4-1 at 11–12, 28). The order of removal was final on that date. (Id.)

On January 6, 2025, Quesada Lopez was arrested for third degree larceny and subsequently sentenced to seven months in jail. (Doc. 4-1 at 28). Upon his release from jail on August 10, 2025, Quesada Lopez was immediately placed into immigration custody.

(Id.)    He is currently detained at Florida Soft Side South Detention Facility.  (Alligator Alcatraz).  (Id.)

At the time Quesada Lopez filed his petition on March 26, 2026, he had been in immigration custody for 240 days, and Respondents had not secured travel documents or otherwise demonstrated that his removal was likely in the reasonably foreseeable future.

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. Id.  Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699.  The Court found it unlikely Congress

"believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Here, Respondents assert (and the Court agrees) that Quesada Lopez's order of removal became final on September 22, 2021, when he was removed in absentia. (Doc. 4 at 2). He has now been in immigration custody for 248 days, since August 10, 2025. Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies.

Respondents concede that the presumptively reasonable period under Zadvydas has expired. (Doc. 4 at 5). However, they argue that Quesada Lopez's removal is likely in the reasonably foreseeable future. (Id.) They attach a declaration from Deportation Officer Steven Rosario, dated April 14, 2026, describing the procedures that are generally followed when a

petitioner is removed to Mexico.   (Doc. 4-2).   He also asserts that "ICE will follow proper procedures for third-country removals for the petitioner[.]"   (Id. at 3).   They do not allege that Mexico—or any other country—has actually agreed to accept Quesada Lopez (or even responded to their inquiries), and they do not explain why no progress has been made on that front in the 246 days since Quesada Lopez was taken into detention.   Nor do they allege that U.S. officials have contacted any other country about accepting Quesada Lopez specifically.   In short, they do not demonstrate that they have done anything specifically to effectuate Quesada Lopez's removal in the 248 days he has been detained in Alligator Alcatraz.   Under, Zadvydas, this is insufficient to show a realistic likelihood of Quesada Lopez's removal in the reasonably foreseeable future.[1]   See Douglas v. Baker, 812 F.Supp.3d 525, 532 (D. Maryland Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

government to detain a noncitizen and then sit on its hands. Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.")

### III. Conclusion

The Court finds no significant likelihood that Quesada Lopez will be removed in the reasonably foreseeable future. He is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If Quesada Lopez fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Quesada Lopez to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1. Yunior Quesada Lopez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2. Respondents shall release Quesada Lopez within 24 hours of this Order, and they shall facilitate his transportation from

the detention facility by allowing him telephone access to notify

his family of when and where he can be collected.

3.    The Clerk is **DIRECTED** to terminate any pending motions

and deadlines, enter judgment, and close this case.

   **DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE